BY FAX

FILED
MAR 18 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

KAYE, ROSE & PARTNERS, LLP
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
169 South Rodeo Drive
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Debtor
**Lion Diversified Holdings Berhad**

Kaye, Rose & Partners LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

LION DIVERSIFIED HOLDINGS BERHAD
Debtor in Foreign Proceeding

**CHAPTER 15**

Case No. 20-BK-13029-SK

## DECLARATION OF GOIK KENWAYNE IN SUPPORT OF PETITION FOR RECOGNITION OF FOREIGN PROCEEDING

I, Goik Kenwayne, pursuant to 28 U.S.C. § 1746[1], hereby declare as follows:

1.   I am an attorney licensed to practice law in Malaysia, and have been since 2006. I am a partner of the Malaysian law firm Dennis Nik & Wong with its offices in Kuala Lumpur, and counsel to Lion Diversified Holdings Berhad (In Liquidation) ("LDHB" or "Debtor"), among other matters, in a foreign proceeding (the "**Malaysian Proceeding**"), in which a petition for "winding-up" was filed pursuant to §§ 465(1)(e) and 466 of the

---

[1] § 1746. Unsworn declarations under penalty of perjury –

"Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: 'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)'.

(2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

1

1. Companies Act (2016) before the High Court of Malaya at Kuala Lumpur (Commercial Division) giving the rise to this proceeding for liquidation I shall refer to below. In particular, on October 15, 2019, a winding-up order was made in the Malaysian Proceeding by the competent Malaysian Court and, according to the Malaysian Companies Act 2016, Datuk Tee Guan Pian, was appointed as the liquidator of LDHB and is vested with necessary powers to liquidate LDHB, including but not limited to, acting as LDHB's foreign representative in this Chapter 15 case (the "**Foreign Representative**").

2. In light of the foregoing, I am conversant with Malaysian law and, in particular, bankruptcy matters.

3. This declaration is respectfully submitted in support of the Verified Petition for Recognition of Foreign Proceeding and Related Relief filed by the Foreign Representative, seeking, among other things, recognition by this U.S. Bankruptcy Court of the Malaysian Proceeding as a "foreign main proceeding" under chapter 15 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**").

4. This declaration contains matters that are statements of legal opinion and/or statements of fact. Legal opinion is limited to the laws of the Malaysia as of the date hereof and as currently applied by the courts of Malaysia and is given on the basis that it will be governed by and construed in accordance with the laws of Malaysia. Where "**Malaysian Bankruptcy Law**" is mentioned in this legal opinion, reference is made to the Companies Act of 2016. Where the matters stated in this declaration are statements of legal opinion regarding the interaction of Malaysian law and U.S. law, such statements about U.S. law are derived from information supplied to me by United States counsel to the Foreign Representative, Mr. George M. Chalos and Mr. Briton P. Sparkman of Chalos & Co, P.C. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from information supplied to me by or on behalf of LDHB and are true to the best of my knowledge, information, and belief. If called upon to testify, I could and would testify competently to the matters set forth in this declaration.

**Application for "Winding Up" under Companies Act (2016) §§ 465(1)(e) and 466**

5.  Lion Diversified Holdings Berhad is a company incorporated under Malaysian law with its registered office in Kuala Lumpur, Malaysia.

6.  A winding-up petition and subsequent order under Malaysian law is akin to a Chapter 7 liquidation proceeding. A creditor can present a winding up petition under § 465(1)(e) of the Companies Act (2016) after serving a written notice of a debt which goes unpaid for more than twenty-one (21) days. Here, LDHB failed to pay, settle, reply or respond to the statutory demand before the expiration of the 21 days.

7.  On August 16, 2019, Amsteel Mills Marketing Sdn Bhd ("Amsteel") presented its winding-up petition to the High Court of Malaya at Kuala Lumpur (Commercial Division). This petition was premised on a debt due and owing to Amsteel in the amount of RM 3,503,083.79, or approximately USD 833,274.15.

8.  The High Court of Malaya at Kuala Lumpur (Commercial Division) accepted Amsteel's winding-up petition and issued an order appointing Datuk Tee Guan Pian as liquidator of the company. The liquidator's CV is attached hereto as **Exhibit 1**.

9.  A liquidator appointed in a winding-up proceeding is an officer of the court, subject to the control and supervision of the court, and under a duty to act in a fair, impartial and even-handed manner. The liquidator attempts to recover and/or liquidate assets of LDHB, with the intention of distributing the remaining funds to unsecured creditors. Secured creditors will stand outside the liquidation process, as the assets secured for the loan/financing will specifically be sold for the purposes of repayment. The appointment of a liquidator also displaces the directors of the company as decisionmakers. *See Re Farrow's Bank Ltd* [1921] 2 Ch 164, CA at 173-174; *see also* Companies Act (2016) § 486.

10. After a winding-up order is made, Malaysian law prohibits the disposition of property without leave of court. *See* Companies Act (2016) § 472(1). Malaysian law also prohibits any legal action or proceeding against the company except by leave of court after a winding-up order is made. *See id.* at § 471.

11. The Malaysian Proceeding has been recognized by a similarly situated court in another competent jurisdiction. On February 27, 2020, Judge Burton sitting at The High Court of Justice, Business and Property Courts of England and Wales, granted LDHB's application for recognition of the Malaysian Proceeding as the foreign main proceeding. The order and initial application are attached hereto as **Exhibit 2**. LDHB kindly requests this Honorable Court grant LDHB the same relief in this jurisdiction.

### Conclusion

12. I have been informed by United States counsel Mr. George M. Chalos and Mr. Briton P. Sparkman of Chalos & Co, P.C. of the "foreign main proceeding" and "foreign representative" requirements necessary for recognition of a proceeding under Chapter 15 of the Bankruptcy Code. Based upon my experience and understanding of the relevant laws of Malaysia, it is my opinion that LDHB's winding-up order qualifies as foreign judicial proceeding as outlined by the U.S. Bankruptcy Code.

13. Further, based on my experience and understanding of the relevant law of Malaysia, it is my opinion that Datuk Tee Guan Pian qualifies as a foreign representative and is vested by the Law with proper authority to take all necessary steps to administer the liquidation of LDHB including the authority to commence this Chapter 15 case and seek the provisional relief requested herein.

14. The schedule for the Malaysian Proceeding and the case administration, including important events and deadlines will be determined by the High Court of Malaya at Kuala Lumpur (Commercial Division).

15. LDHB being in the process of liquidation, and given that the High Court of Malaya at Kuala Lumpur (Commercial Division) under Malaysian jurisdiction, as a matter of Malaysian law, any existing precautionary measure and/or enforcement is null and, according to the rules and procedures applicable under the relevant jurisdiction, are to be revoked or, as the case may be, cancelled. This Chapter 15 bankruptcy proceeding is filed in an effort to maximize recoveries and provide for an equitable arrangement among all creditors. The enjoining of certain litigation to which LDHB is an interested party and the protection of

1  LDHB's assets located in the United States in conjunction with the protections afforded by the
2  Malaysian Proceeding is essential to this effort and the accomplishment of the above goals.
3      16.    I declare under the penalty of perjury under the laws of the United States of
4  America, that, based upon my knowledge, information and belief, as set forth herein, the
5  foregoing is true and correct.

7  Executed this 16th day of March, 2020, in Kuala Lumpur, Malaysia.



Goik Kenwayne
Partner, Dennis Nik & Wong
*Counsel for Lion Diversified Holdings Berhad*



DENNIS APPADURAY
ADVOCATE & SOLICITOR
(BC/D/013)
NOTARY PUBLIC
KUALA LUMPUR, MALAYSIA
(PN(S)30/14/2)
Email: dennis@dnw.com.my

16-03-2020




LION DIVERSIFIED HOLDINGS BERHAD